HOOD, Judge
(dissenting).
I agree with the majority that plaintiff has a progressive degenerative back condition which periodically becomes symptomatic. I agree, however, that this condition was caused by a work-connected accident or that it has been aggravated by any such accident.
As pointed out by the majority, plaintiff either alleges or he testified that he injured his back on three occasions during the year 1962, in January, in March and in October. In his petition he alleges only the first two of these injuries, there being no mention at all in his pleadings of the October accident. According to the pleadings, the January accident was relatively insignificant, but the March accident, which occurred while he was pulling on a wrench, was extremely serious, resulting in injuries to his back which allegedly made it necessary for him to miss work for seven months. He confirmed this in giving a history of the accident to Dr. Schneider, his treating physician, and to Dr. Hatchette, another examining orthopedist, by informing both of those physicians that the initial onset of his back trouble was in March, 1962, when he says he sustained a straining injury to his back. He made no mention at all of the January accident to either of these doctors.
I have been unable to find any evidence at all in the record tending to show that plaintiff was involved in any kind of an accident in March. He did not even mention such an accident in his testimony. The record does show, without contradiction, that he was treated by Dr. H. S. Snatic for “prostatitic low back pain” from March 9 to March IS, 1962, but there is no suggestion by anyone that this was brought about by a work-connected accident. It is true, as noted in the majority opinion, that he drew sick benefits from March 12 to March 18, 1962, and that he reported to the first aid station on March 19, 1962, for “pain in tack,” but plaintiff himself explains that, “I came down in my back real bad” with prostate trouble, and that he stayed oft work about ten days for treatment of that condition, one week of which was vacation time. The evidence also shows that, except for the three work days which he took off because of prostate trouble, in March, plaintiff worked regularly during the entire year 1962, up to December 6 of that year. He was not required to miss work for seven months in 1962 because of a back injury as he alleges. I cannot agree with the majority in its apparent holding that plaintiff sustained any kind of injury to his back in March.
At the trial, and contrary to the information which plaintiff had given to the examining and treating physicians, he testified that the onset of his back trouble occurred in January, 1962, instead of in March, and as the result of an entirely different type of accident than that which he had related to the doctors. He stated that in January he went to the aid of other employees in an emergency, 'and in an attempt to prevent them from being injured he slipped and then dropped twelve or fifteen feet to the floor, landing on his feet. As pointed out by the majority, however, there were no witnesses to this accident, not even the employees whom he says he saved from injury, no accident or injury was reported, he lost no time from work, there apparently was no interruption in the performance of his duties on that or any of the following days, and he obtained no first aid treatment at all in January of that year. In my opinion, plaintiff has completely failed to show that an accident occurred in January, 1962, or that he sustained any type of back injury at that time.
Plaintiff also testified that he received another straining injury in October, 1962. No such accident or injury was alleged in his petition, no report of such an accident was made, no witnesses saw it occur, he missed no work as a result of that -alleged accident, and he did not inform Dr. Hatch-ette of any such injury at the time the latter examined him. The majority observes that plaintiff received first aid on October *836 13 and on November 1, 1962, for “pain in back.” I notice that exactly the same drug was prescribed on those occasions as had been prescribed for him when he had had prostate trouble. Plaintiff mentions the October accident only casually in his testimony, and he makes no mention of when it occurred or whether he received any first aid treatment. I agree that the showing that he did report to the first aid station for “pain in back” constitutes some support for his statement that he injured his back during that month, but in view of all the facts, and since he made no mention of treatment or first aid in connection with that asserted injury, I feel that plaintiff has failed to establish that he sustained an injury to his back at that time
Although plaintiff now contends that he sustained serious back injuries in 1962, he gave as his reasons for not reporting any of such injuries, “I didn’t know I had hurt myself like that until Dr. Schneider told me what was wrong with me,” on December 6, 1962.
After Dr. Schneider advised plaintiff to discontinue working, on December 6, 1962, it is apparent that plaintiff still did not feel that his back condition was in any way attributable to an accidental injury, because he reported no such injury. Instead, he obtained a sick leave, and he received sick benefits from December 6, 1962, until the first part of June, 1963. According to our figures, during that six month period, he received sick benefits amounting to the sum of $2,609.64.
While plaintiff was on sick leave, Dr. Crookshank, Medical Director for plaintiff’s employer, questioned his right to continue to receive sick benefits on the ground that plaintiff was not following his own doctor’s instructions. After some negotiations with plaintiff, the latter returned to work for his employer on or about June 8, 1963. He testified that at that time he was not disabled but was able to resume his full employment. In addition to his own statement to that effect, the fact that plaintiff was not disabled in June, 1963, is established by the testimony of Dr. Schneider and by that of Dr. Crookshank, both of whom examined plaintiff immediately before he returned to his employment. If plaintiff had had any disability relating to his employment prior thereto, it is apparent that he had fully recovered by June 8, 1963.
Plaintiff testified that after he returned to work in June, 1963, he performed “exactly the same job,” and that he got along all right on that job during the entire period from about June 8 until September 12, 1963, when he claims that he sustained a disabling accident. The record shows that plaintiff did not report any injury or disabling back condition during that thirteen week period of employment.
Contrary to plaintiff’s testimony, Dr. Schneider testified that he examined plaintiff on August 1, 1963, and he determined at that time that plaintiff “had an acute recurrence of his low back pain with radiation into the right lower extremity as far as the calf,” which condition the doctor described as a “rather severe episode or recurrence.” He states that this recurrence was a “spontaneous thing,” and that “there was no specific mention of any trauma which precipitated it." Dr. Schneider further testified that when he next examined plaintiff, on September 19, 1963 (one week after the alleged disabling accident occurred), “his objective findings were not as acute as they were in August.” According to Dr. Schneider’s testimony, therefore, the condition of plaintiff’s back was better immediately after September 12 than it was shortly before that time, indicating to me that plaintiff had been steadily recovering from the acute condition found on August 1, 1963, (which condition was not in any way related to his employment) and that he continued to improve on and immediately after September 12, in spite of the alleged accident which occurred on that date.
While I do not question that plaintiff bumped into the housing of a fan on Sep *837 tember 12, 1963, as he says he did, it appears to me that that accident was of a most insignificant nature, and, aside from the fact that no injury has been shown, it seems highly improbable that it could have caused any injury. Plaintiff did not fall, he did not strike his back, he missed no time from work, he continued with his work or other activities without interruption, and he did not bother to see a doctor until he was actually pressed into doing so by his employer’s attempts to verify his physical condition and employment status. Also, plaintiff apparently did not attach much significance to the September 12 incident at the time he was examined by Dr. Hatch-ette two months later, because he did not even mention the accident which he now says occurred on that date in the history which he gave that doctor.
With reference to- the employer’s attempts to verify plaintiff’s physical condition and employment status, I note that a representative of the employer called at plaintiff’s home on September 17 and on September 18, 1963, in an effort to see him, but was unsuccessful on both occasions. Plaintiff went to Dr. Schneider the next day, September 19. The employer wrote to plaintiff on September 26, advising him, among other things, that they had determined that he was working for another firm, that that disqualified him from employment by the defendant company, and that unless he could produce an acceptable reason his employment with the company would be terminated. It was only after that letter was received by plaintiff that he, for the first time, informed his employer that he had gotten hurt on the job on September 12, 1963.
Plaintiff concedes that during the month of March, 1963, while he was on sick leave, he strained and suffered pain in his back when he lifted his little girl at a rodeo. It seems to me that injury, together with the non-work-connected episode or flareup which occurred in July or August, 1963, are the only “accidents” or “incidents” which have been proved and which in any way could have caused plaintiff’s degenerative back condition to become symptomatic. No accident or incident of any kind has been shown to have occurred during the course of his employment which can be related to his present back complaints.
There are two other circumstances which have influenced me to some extent in this case. One is that since 1959 plaintiff has had other employment while working for Cities Service Oil Company, that being contrary to the employer’s policy. He first had his own insurance agency, and then since 1960 or 1961 he has been employed as an insurance adjuster, in addition to working for Cities Service. His earnings at this outside employment have been substantial, amounting to about $3,000.00 in 1962, and between eight and nine thousand dollars in 1964. In view of the relatively large income he received from this outside employment, I think there is a logical basis for defendants’ argument that plaintiff had a motive in obtaining as many sick leaves as possible so he could devote his full time to this rather lucrative other work while drawing sick benefits from his employer at the same time. Also, being an insurance adjuster, he obviously was familiar with claims for workmen’s compensation benefits, and he knew that injuries sustained during the course of employment should be reported promptly. The other circumstance which appears to me to be of some significance is that when plaintiff returned to work in June, 1963, it was necessary that he work a minimum of thirteen weeks before he would again become eligible for full sick benefits. He worked exactly that minimum period of time, not reporting a back episode which occurred during that period, and then he applied for sick benefits again immediately after becoming eligible for the full amount of such benefits. 1
Since I feel that plaintiff has failed to show that the present condition of his back is in any way related to his employ *838 ment, I respectfully dissent from the majority opinion.